OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Petitioner moves to have respondent stayed from further violation of its rules and regulations governing body searches and further moves for an order expunging disciplinary action taken by the adjustment committee of the institution dated September 19, 1977 which directed he be keeplocked for five days, contending that he was subjected to an anal search in the presence of 10 to 15 individuals, prisoners and guards, in violation of the rules of respondent which require that such searches be conducted in such a manner as to respect the privacy of an inmate and in such a manner as not to humiliate or degrade him. He further avers that he was not accorded minimal due process in that he was never provided a rule book of the institution.
The motion is opposed by the Attorney-General, whose affidavit is conclusionary and generally alleges that the search conducted of petitioner was done in accordance with statutory mandate and that petitioner was accorded those due process safeguards necessary for an action by the adjustment committee.
From the papers submitted for and against the motion, it appears that the disciplinary action taken against petitioner was the result of his refusal to comply with an order of a correctional officer when directed to submit to an anal search, such refusal prompted by petitioner’s belief that the manner in which the search was directed was not in conformance with respondent’s rules and regulations governing such searches. Respondent, aside from conclusionary allegations, has not refuted allegations of petitioner that the search was not carried out in the manner prescribed by the regulations. As the search was an anal one, any suggestion that the exigencies of the situation dictated an immediate penetration without taking those steps to safeguard the privacy of petitioner are without merit, as petitioner could not have destroyed contraband placed in the area of the body searched before being taken to a room where the search could have been conducted in private with dignity.
As the demand for the search was not in compliance with *52 respondent’s rules and regulations, and the disciplinary action ensued from petitioner’s insistence upon observance of such regulations, the disciplinary action taken was inappropriate, and the same should be expunged from the record.
It is also noteworthy that at least one Federal court has found anal searches to be constitutionally impermissible when routinely conducted (United States ex rel. Wolfish v Levi, 439 F Supp 114, 148).
So ordered.
While the foregoing is dispositive of the motion, the court also notes that the determination of the adjustment committee provides no statement of the reasons underlying its determination. As such, the determination was not made in accordance with procedural requirements.